*538 MEMORANDUM *
Plaintiffs-Appellants Michael and Suzanne Salman appeal from what we interpret as the district court judgment dismissing their action against the City of Phoenix. The Salmans do not dispute the district court’s denial of their request for an injunction restraining the execution of Michael Salman’s municipal court sentence and dismissal of their other section 1983 claims based on the collateral estoppel effect of Judge Martone’s dismissal of similar claims under Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2864, 129 L.Ed.2d 388 (1994), in their prior federal action. However, the Salmans challenge the district court’s holding under the Rooker-Feldman doctrine that it lacked subject matter jurisdiction over their request for an order enjoining the City from implementing or enforcing Section 303 of the 2006 Phoenix Building Code on private religious gatherings and bible studies and over their other remaining claims. We have jurisdiction pursuant to 28 U.S.C. § 1291, and, under de novo review, we reverse.
The district court erred when it concluded that under Rooker-Feldman it lacked subject matter jurisdiction over the Sal-mans’ request for a prospective injunction and over their other claims not barred by collateral estoppel because the Salmans’ success on those claims would necessarily depend on the district court reaching findings opposite to those reached by the state court in Michael Salman’s appeal from his conviction, requiring the district court to review the state court’s decision. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 293, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005) (“If a federal plaintiff presents some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party, then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion.”) (internal citations, quotation marks omitted); see also Manufactured Home Cmtys. Inc. v. City of San Jose, 420 F.3d 1022, 1030 (9th Cir.2005) (reversing the district court’s holding that the Rooker-Feldman doctrine removed jurisdiction over the plaintiffs claims that a city ordinance denied constitutional rights and that the hearing officer was biased, since the plaintiff was' “su[ing] the City ... (an adverse party), not a state court,” and since the plaintiff was “challenging the City’s interpretation of the Ordinance” but not “directly challeng[ing] the state court’s factual or legal conclusion”).
The district court likewise erred in concluding that it lacked subject matter jurisdiction under Rooker-Feldman because the Salmans’ claims were “inextricably intertwined” with the prior state court decision. Noel v. Hall, 341 F.3d 1148, 1158 (9th Cir.2003); see also Bell v. City of Boise, 709 F.3d 890, 897 (9th Cir.2013) (“The ‘inextricably intertwined’ language from Feldman is not a test to determine whether a claim is a de facto appeal, but is rather a second and 'distinct step in the Rooker-Feldman analysis”).
REVERSED AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.